Dear Chief Decou:
Your request for an Attorney General's opinion has been referred to me for research and reply. You have asked this office to respond to questions about the use of and payment for patrol cars by off-duty police officers as follows:
 1. Is it legal for a chief of police to authorize his police officers to use city police cars to work a security detail within city limits on their off-duty time?
 2. May a chief of police accept payment from a private organization for the use of its police cars by off-duty police officers performing security work?
The answer to your first question is in the affirmative. The provisions of La. R.S. 33:321, et seq. govern the City of Broussard, a Lawrason Act municipality. This office has long observed that a law enforcement agency may allow its police officers to contract for private security work during those officers' off-duty hours. The officers may be allowed to use their police issued equipment including city patrol cars. The law does, however, provide that the agency may face liability for the officers' actions since the officers are clothed with the apparent power and authority of that agency. See Atty. Gen. Op. No. 02-0026.
The answer to your second question is in the affirmative as well. The facts indicate that a private concern wants to hire an off-duty police officer in order to provide security at a specific location. Under the proposed arrangement, the private concern would pay the off-duty police officer directly and reimburse the police department for the use of the City's patrol car. A similar factual scenario was addressed in Atty. Gen. Op. No. 84-125. That opinion discussed whether a chief of police could accept payment from a private organization for the use of the town's police officers and police cars. Citing La. R.S.14:140 and Atty. Gen. Op. No. 80-582, the opinion concluded that the police department could contract with a private organization for the purpose of providing security in return for reimbursement of salaries and expenses of the police officers involved as long as the security work was within the territorial bounds of the municipality.
In this case, the private organization might be entering into separate contracts to provide security services: one with the police officer for the payment of his fee or salary; the other with the police department for reimbursement of the use of the patrol car. Whether the private organization contracts with the police department, the police officer assigned to the detail or both is immaterial. It is the opinion of this office that a chief of police can accept payment or reimbursement from a private organization for the use of the City's patrol car by an off-duty police officer on a private security detail.
We hope that this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ___________________________
 Christopher D. Matchett
 Assistant Attorney General